IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CRAIG STEVEN HOLSEY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Nurses GEORGETTE CUTLIFF, PEGGY | : | CIVIL ACTION NO. 1:04-cv-92(WLS) |
| CHESTER THOMAS, and ANGELA | : | |
| WHITAKER, Sheriff JAMIL SABA, | : | |
| Medical Director DAN HAGGERTY, and | : | |
| PRISON HEALTH SERVICES, | : | |
| | : | |
| Defendants | : | **RECOMMENDATION** |

On September 7, 2004, *pro se* plaintiff **CRAIG STEVEN HOLSEY** was instructed to file a supplement to his originally filed *pro se* civil rights complaint because the complaint was incomplete. On October 7, 2004, the Court received plaintiff's supplement.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### *B.  General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  ***Id.***

## II. BACKGROUND

Plaintiff is currently incarcerated at Rogers State Prison.  In his filings, plaintiff complains that while he was incarcerated at the Dougherty County Jail ("DCJ"), from March 2003 to June 2004, Nurses Georgette Cutliff, Peggy Chester Thomas, and Angela Whitaker violated his Eighth Amendment rights by denying him the drug Isonicotinic Acid Hydrazide ("INH") and Vitamin B-6, which plaintiff allegedly requires to prevent the development of future active tuberculosis ("TB"). Plaintiff alleges that during his intake interview at the DCJ, he told an unidentified nurse that he had tested positive for TB, that he was required to take INH for six months, and that he had not completed his six-month course.  The intake nurse allegedly recorded this information in the DCJ's

records. According to plaintiff, he never received his medication at DCJ. During his sixteen month confinement at the DCJ, plaintiff constantly requested his INH, filling out at least six medical request forms, but to no avail. Plaintiff additionally alleges that the nurses knew that he had tested positive for TB during a previous confinement at the DCJ. Plaintiff files this action for damages, alleging that the failure to provide him with the drug INH and Vitamin B-6 increased his risk of developing active TB.

In addition to the above nurses, plaintiff names as defendants Sheriff Jamil Saba, DCJ Medical Director Dan Haggerty, and Prison Health Services ("PHS").

## III. DISCUSSION

### A. PHS

Plaintiff claims that Nurses Cutliff, Thomas, and Whitaker are employees of PHS, and that PHS is liable for the misconduct of his employees. A medical contractor is liable for damages only if plaintiff can show that the alleged constitutional deprivation occurred as a direct result of its official policies or customs. **See Buckner v. Toro**, 116 F.3d 450, 452 (11th Cir.1997) (holding that when a private corporation acts on behalf of a municipality, then that entity should be treated as a municipality). In this instance, plaintiff does not allege that PHS had a policy or custom of limiting access to proper medical treatment to Georgia state prisoners. It is well-established that a "defendant cannot be held liable under section 1983 on a *respondeat superior* or vicarious liability basis." **Harvey v. Harvey**, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Therefore, PHS cannot be held liable for the action or inaction of its employees or agents in this section 1983 action. Accordingly, it is

**RECOMMENDED** that plaintiff's claims against **PHS** be **DISMISSED** and that **PHS** be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B.  Sheriff Jamil Saba and Medical Director Dan Haggerty

Plaintiff seeks to sue defendants Saba and Haggerty in their "supervisory" capacity. A supervisor may not be held liable for the acts of his subordinates on the basis of *respondeat superior*. ***Monell v. Department of Social Services of New York***, 436 U.S. 658, 691 (1978). However, a supervisor may be held liable for failure to supervise. ***Fundiller v. City of Cooper City***, 777 F.2d 1436, 1443 (11th Cir.1985). In order to state a claim for failure to supervise, Plaintiff must establish that the failure to supervise was the moving force behind the deprivation of a constitutional right. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385, 389 (1989). Liability for failure to supervise can be imposed only in limited circumstances. ***Gold v. City of Miami***, 151 F.3d 1346, 1350 (11th Cir.1998). It must be established that a supervisory official made a deliberate choice not to supervise or take action even though he knew of evidence of the need to supervise. ***Id***. Without knowledge of the need to supervise, liability cannot be imposed. ***Id.*** A claim for the failure to supervise requires a high standard of proof in order to avoid subjecting a supervisor to a claim based on *respondeat superior*. ***Id.*** at 1351, n.10.

Plaintiff merely conclusorily alleges that Saba and Haggerty failed to supervise. He alleges

no specific acts or omissions which might support his failure to supervise claim, nor does he allege any circumstances putting these defendants on notice of a need to supervise. Accordingly, it is **RECOMMENDED** that plaintiff's claims against **JAMIL SABA** and **DAN HAGGERTY** be **DISMISSED** and that they be terminated as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C. Nurses Cutliff, Thomas, and Whitaker

Although it is by no means clear that plaintiff will prevail on the merits, at this juncture the Court cannot determine with certainty that plaintiff's case against the above nurses is frivolous. *See generally Hill v. Marshall*, 962 F.2d 1209, 1211, 1215 (6th Cir.1992) (holding that failure to provide prophylactic medication to prevent the possible future development of active tuberculosis is "actual injury," even though prisoner did not develop active tuberculosis). Therefore, the Court will, by separate order, allow plaintiff's claim against Cutliff, Thomas, and Whitaker to go forward.

**SO RECOMMENDED**, this 7th day of February, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE