IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

CRAIG STEVEN HOLSEY,         :
                             :
    Plaintiff,               :
                             :
v.                           :        1:04-CV-92 (WLS)
                             :
Nurses GEORGETTE CUTLIFF, et. al., :
                             :
    Defendants.              :
_____ :

O R D E R

    Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge (Tab 9), filed February 7, 2005. It is recommended that Defendants PHS, Sheriff Saba, and Director Dan Haggerty be dismissed as defendants from the captioned action. Plaintiff was mailed a copy of said recommendation on February 8, 2005.

    On February 17, 2005, Plaintiff's motion to extend the time to file his objection (Tab 15) was filed. Plaintiff's motion was granted on March 8, 2005 (Tab 19), wherein he was granted until March 22, 2005, to file his written objection. Plaintiff's objection (Tab 21) was filed on March 21, 2005.[1] Plaintiff also filed on March 24, 2005, without leave or permission of the Court what is apparently intended as a supplement to his previously filed objection. The supposed supplement includes a photocopy of a newspaper article critical of PHS.[2]

    In his objection, Plaintiff cites his limited legal knowledge and lack of counsel and

---

[1]. Said objection shows a signature date of February 18, 2005. Using that as the filing date, Plaintiff's objection was filed timely.

[2]. Not only is Plaintiff's supposed supplement unauthorized, but it is untimely, and therefore will not be considered as a part of Plaintiff's objection. Further, even if timely, the supplement adds nothing to the Plaintiff's complaint or objection. The article is not probative and does not relate to the facts asserted in Plaintiff's complaint in any case.

inability to put clearly forth legal arguments and theories. He asks that his complaint be broadly construed. First, Plaintiff's *pro se* complaint has been broadly and leniently construed. Second, it is not Plaintiff's alleged inability to articulate and argue complex legal theories or doctrines that resulted in the Court granting the motion for dismissal of the referenced Defendants, but the lack of a factual basis to support the claims asserted against them. Unlike legal theories or doctrine, the facts known to Plaintiff in connection with his claims are not complex or unavailable to Plaintiff. Plaintiff, as found by the Magistrate Judge, simply has stated no facts which support a claim that Defendants PHS, Sheriff Saba or Director Haggerty failed to supervise and that such failure caused injury to Plaintiff. Said Defendants cannot be held liable for an injury to Plaintiff simply because of their positions as supervisors. At best, however, that is all that Plaintiff has alleged. That is insufficient.

Upon full review and consideration upon the record, the Court finds that said Recommendation (Tab 9) should be and hereby is, **ACCEPTED**, **ADOPTED** and made the order of this Court for reason of the findings and reasons set out therein, together with the findings made, reasons stated and conclusion reached herein. Accordingly, Defendants PHS, Sheriff Saba, and Director Haggerty are **DISMISSED** as Defendants from this action.

SO ORDERED, this 28th day of April, 2005.

    /s/ W. Louis Sands
**W. LOUIS SANDS CHIEF JUDGE**
**United States District Court**