IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CRAIG STEVEN HOLSEY, | : |
| Plaintiff | : |
| VS. | : |
| | :   **1 : 04-CV-92 (WLS)** |
| PEGGY CHESTER, GEORGETTE CUTLIFF, and ANGELA WHITAKER, | : |
| Defendants. | : |

**RECOMMENDATION**

The above-styled 42 U.S.C. § 1983 action was filed on June 29, 2004.  After the plaintiff filed a court-ordered supplement, the court ultimately ordered service on the defendants on February 7, 2005.  The defendants filed and served their answer on April 11, 2005.  Based on the plaintiff's failure to notify the court and defendants of his address changes, the defendants filed a Motion to Dismiss on May 11, 2005.  The plaintiff filed a response to this motion, providing his current address.  The defendants have now filed a second motion to dismiss based on plaintiff's failure to diligently prosecute this lawsuit, asserting that the plaintiff has failed to respond to their discovery requests.  Since filing his response to the defendants' initial motion to dismiss in June 2005, the plaintiff has not filed any other motions or pleadings.  The undersigned issued a notification order regarding the second Motion to Dismiss on September 26, 2005, advising the plaintiff of the pendency of the defendants' Motion to Dismiss and ordering him to respond thereto within twenty (20) days.  The plaintiff has failed to respond to this motion and to the court's directive.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions

would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff. The plaintiff has failed to respond to the defendants' second motion to dismiss and to the court's order requiring a response thereto, in addition to failing to rebut the defendants' assertions that he has failed to respond to their discovery requests. The plaintiff has had more than adequate time to pursue his claims against the defendants but he has failed to do so. The court finds that lesser sanctions will not suffice herein. Accordingly, it is the recommendation of the undersigned that the defendants' motion to dismiss be **GRANTED**. Inasmuch as the defendants apparently abandoned their initial motion to dismiss once plaintiff provided a current address, it is the recommendation of the undersigned that this motion (#26) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 30th day of November, 2005.

/s/ **Richard L. Hodge**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb